IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WALTER MITCHELL STEWART, JR., | Cause No. CV 20-103-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| BRANDON HARTFORD; BRIELLE GOFFENA; PARKER, HEITZ, COSGROVE ATTORNEYS AT LAW, | |
| Defendants. | |

On July 9, 2020, Plaintiff Stewart filed a complaint in this matter alleging that the Defendants were depriving him of an inheritance left by his wife, who passed away in 1999. *See* Comp. (Doc. 1) at 1–2 ("Notice of Inheritance"). Stewart is a state prisoner proceeding pro se.

On July 20, 2020, the Court issued an order explaining some deficiencies in Stewart's pleading and giving him an opportunity to correct them in an amended complaint. Stewart was also required either to apply to proceed in forma pauperis or to pay the filing fee. *See* Order (Doc. 2) at 7–8 ¶¶ 1–2.

On August 10, 2020, Stewart filed an amended complaint and moved for

leave to proceed in forma pauperis.  On August 13, 2020, he paid the filing fee for the action.  *See* Am. Compl. (Doc. 3); Docket Entry Aug. 13, 2020.

## I.  Does Stewart's Amended Complaint Support Federal Jurisdiction?

Stewart states, "I am not really sure why my case is in Federal court."  Am. Compl. (Doc. 3) at 7 ¶ VI(F).  At the most basic level, the case is in federal court because that is where Stewart mailed his "Notice of Inheritance," and the caption shows that he intended to file it in federal court.  *See* Compl. at 1; Am. Compl. at 1, 9.  But "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

Federal jurisdiction exists when a plaintiff's case depends on a question of federal law, *see* 28 U.S.C. § 1331, or when more than $75,000 is at stake and each defendant is a citizen of a different State than the plaintiff, *see* 28 U.S.C. § 1332(a).

Stewart asserts that a lawyer, a bank, and a law firm have obstructed his access to funds in a bank account.  *See id*. at 3 ¶ I(B), 4–5 ¶ III(A).  He asks the Court "to grant me the right of survivorship of my deceased wife's account."  Am. Compl. at 9.

### A.  Federal Question Jurisdiction

Stewart relies on 42 U.S.C. § 1983 as the basis for federal jurisdiction.  *See*

Am. Compl. at 4 ¶ II.  Section 1983 is a federal law and would support federal question jurisdiction if Stewart's claim met the elements of the statute.

The statute provides a cause of action against persons who deprive others of constitutional or other federal rights by acting "under color" of State law.  *See* 42 U.S.C. § 1983.  The right of survivorship is not a federal right, and Stewart's allegations do not support an inference that the defendants' actions amount to action by a governmental authority.  Stewart's dispute is with private parties acting in the interests of their clients or employers, or in their own individual interests, not with a defendant acting as or in the interests of a government.

Lawyers do, of course, act under the law and advocate for or against the recognition of specific legal rights.  But an attorney's loyalty is directed to the client—a private individual—not the State.  Even an attorney appointed by a court to represent a defendant in a criminal case is not acting "under color" of State law.  *See Polk County v. Dodson*, 454 U.S. 312, 320–25 (1981); *see also, e.g.*, *West v. Atkins*, 487 U.S. 42, 49 (1988).  Stewart does not claim the State or a local governmental entity was the client of any of the lawyers he names.

Stewart's allegations do not support a claim under 42 U.S.C. § 1983.  The Court is not aware of another federal law that would support relief, and Stewart identifies none.  The amended complaint fails to establish federal question jurisdiction.

**B.  Diversity Jurisdiction**

The amended complaint also fails to establish diversity jurisdiction.  *See* Order (Doc. 2) at 4.  Residence is not a perfect substitute for an allegation of citizenship, but the identities and addresses of the defendants do not support an inference that they are all citizens of a State other than Stewart.

**C. Conclusion**

Stewart's amended complaint does not support the exercise of federal jurisdiction.  Pursuant to Federal Rule of Civil Procedure 12(h)(3), it must be dismissed.

## II.  Motion to Proceed In Forma Pauperis

As Stewart paid the filing fee, his motion to proceed in forma pauperis (Doc. 4) is moot.  In the event he seeks leave to file an appeal in forma pauperis, however, the District Court should certify that any appeal of its disposition would not be taken in good faith.  Stewart's allegations do not even arguably support federal jurisdiction.  *See* Fed. R. App. P. 24(a)(4)(B).

Based on the foregoing, the Court enters the following:

## ORDER

Stewart's motion to proceed in forma pauperis (Doc. 4) is DENIED AS MOOT in light of his payment of the filing fee.

The Court also enters the following:

4

**RECOMMENDATION**

1.  Stewart's amended complaint (Doc. 3) and this action should be

DISMISSED for lack of federal jurisdiction.

2.  The clerk should be directed to enter a judgment of dismissal.

3.  The District Court should CERTIFY, pursuant to Fed. R. App. P.

24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Stewart may object to the Findings and Recommendations within 14 days.

*See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

Stewart must immediately advise the Court of any change in his mailing

address.  Failure to do so may result in dismissal of the action without notice to

him.

DATED this 17th day of December, 2020.


*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[1]  This deadline allows a party to act within 14 days after the Findings and
Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days
after the period would otherwise expire.